WARREN DAY BROWN and Others, Appellants, v. MITCHELL-LEWIS MOTOR COMPANY and Others, Respondents.

First Department, November 3, 1916.

Corporations — suit to restrain dissolution proceedings — temporary injunction — evidence — joinder of causes of action.

In a suit by the stockholders of a New York corporation against a foreign corporation and its directors, who were also the directors of the New York corporation, to enjoin the defendants from proceeding to dissolve the New York corporation and to compel them to account to it for certain profits, it was alleged that the dissolution proceedings had been instituted in order that the defendants might escape liability on a guaranty of the preferred stock of the New York corporation owned by the plaintiffs.

Held, on all the evidence, that the injunction should be granted.

Even if causes of action were improperly joined by the plaintiff, it was not a bar to relief because the defendant made no complaint thereof, either by demurrer or answer.

APPEAL by the plaintiffs, Warren Day Brown and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of June, 1916, denying their motion for an injunction *pendente lite*.

*J. M. Richardson Lyeth*, for the appellants.

*William F. Goldbeck*, for the respondents.

SMITH, J.:

Prior to September 1, 1911, the capital stock of the Mitchell Motor Company of New York was $60,000, all common stock. The plaintiffs were the owners of $45,000 of said stock. The balance of the stock was owned by the Mitchell-Lewis Motor Company of Wisconsin. The Wisconsin corporation was the manufacturer of the Mitchell motor cars. The New York corporation was an independent concern with the exclusive right to buy and sell at stated prices the said motor cars " for the territory embracing the whole of the New England States, the whole State of New York, except Buffalo and adjacent territory, and the northern part of the State of New Jersey." It seems that in 1910 the Mitchell motor car had proved defective. There were breakages in the transmission and differential housings and in other parts. The New York corporation had been to great expense, and was indebted to the Wisconsin corporation to an amount of about $50,000. The Wisconsin corporation, which was the manufacturer of these cars, determined upon the policy of having its own selling agency in New York. It made a proposition to the Mitchell Motor Car Company to increase the capital stock of the New York corporation by $50,000 so as to make it $110,000, of which $50,000 was to be preferred stock and $60,000 common stock. The plaintiffs were to take the preferred stock under a guaranty by the Wisconsin corporation of a seven per cent dividend thereupon. The common stock was to go to the Wisconsin corporation, who assumed control and management of the business.

Not long thereafter the Wisconsin corporation became embarrassed, and that corporation was put in the hands of a banker's committee, of which one Winterbotham was the chairman. It appears from the affidavits that this banker's committee desired to escape the liability of the Wisconsin corporation upon the guaranty of the preferred stock in New York and sought legal counsel to ascertain in what way that could be done. This committee was advised that the contract was legal, and it could only be done by the dissolution of the corporation through insolvency or otherwise, which would destroy the preferred stock and thereby destroy

the liability upon the guaranty. The plaintiffs present strong affidavits to the effect that a course of action was thereupon systematically adopted to depress the value of the stock of the New York corporation to the end that the owners of the preferred stock would be induced to sell the same at a nominal figure, or to make the said corporation appear insolvent so that dissolution proceedings might follow. These matters were easily handled because upon the assumption by the Wisconsin corporation of all the common stock of the New York corporation directors friendly to the Wisconsin corporation were elected by the stockholders of the New York corporation. In their account with the Wisconsin corporation they were inequitably charged sums which should not be charged to them; deliveries were deferred so that they were unable to consummate their sales; much territory that by the arrangement was to have belonged to the New York corporation was taken from it, and the profits on motor cars sold in such territory were withheld from it; the price to the New York corporation was nominally increased while the selling price to the customer was decreased — all for the purpose of depressing the value of the stock of the said New York corporation or of creating a condition which would authorize and compel the dissolution of the corporation. In pursuance of this same scheme, according to the affidavits, in September, 1915, the name of the New York corporation was changed to the New England Motor Sales Company, Inc., to the end that on the insolvency of this company the reputation of the Wisconsin corporation and the Mitchell cars manufactured by it would not suffer injury. It is asserted that finally the accounts were so managed that a large indebtedness was shown by the New York corporation to the Wisconsin corporation, upon which an application was made by the defendants for the dissolution of the New York corporation because of its insolvency. The dissolution proceedings were commenced. Thereupon these plaintiffs brought this action to enjoin the defendants from proceeding to dissolve the New York corporation and to compel them to account to the corporation for the profits on the sales of motor cars in the territory embracing the New England States, the whole of New York State except Buffalo, and Northern New Jersey, in accordance with the understand-

ing and agreement entered into with the plaintiffs at the time the Wisconsin corporation acquired the stock of the New York corporation and to ascertain the debts, if any, equitably owing to the Wisconsin corporation. Other relief was asked, but this is in the main the relief sought in the action. A temporary injunction was sought restraining the defendants from proceeding to effect the dissolution of the corporation pending the trial of this action.

The Special Term has denied this relief apparently upon two grounds: *First,* that causes of action are improperly united, to wit, a derivative cause of action to compel an accounting to the corporation and an individual cause of action to enjoin the prosecution of the insolvency proceedings. The complaint alleges that the defendants are the directors of the corporation, which would authorize an action to be brought by them as individuals through the derivative right. If the corporation be not insolvent, and its apparent insolvency arises from false entries upon its books, the corporation would have an equal right with the individual plaintiffs to ask the court to enjoin the dissolution and to compel a restoration to the corporation of profits unlawfully withheld by its apparent creditor. It is not clear, therefore, that there are two causes of action here joined under different rights; but whether two such causes of action be improperly joined is unimportant to this application, because the defendants have made no complaint thereof either by demurrer or answer, while they have all answered the complaint only denying the material allegations therein set forth.

The second ground upon which the Special Term seem to have denied this application is that the substantial allegations will be proven with difficulty and are denied by the affidavits produced on behalf of the defendants. While it is true that the records contain such denials, the affidavits presented by the plaintiffs are so circumstantial and are made by parties personally familiar with the transactions, and are so corroborated by the history of the corporation, that to my mind sufficient has been shown to lead the court to lay its hands upon the prosecution of these dissolution proceedings until the equities of these parties may be ascertained by the court. It seems to be assumed by both parties that if this corporation be dissolved the

guaranty upon this preferred stock falls. Both the corporation and these plaintiffs individually, therefore, have a substantial interest that the corporation be not dissolved unless by a fair showing that insolvency actually exists.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted upon the giving of a sufficient bond to be fixed on the settlement of the order.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted on terms stated in opinion.